UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

PRO SE PRISONER CIVIL RIGHTS COMPLAINT

FILED
2019 APR 12  A 10: 51
US DISTRICT COURT

Use this form to make corrections to your complaint. For example, you may need to change the list of defendants to include a person whose name you did not know at the time you filed your lawsuit. If you are amending your complaint after the Court has issued a Section 1915A Ruling and Order, make sure that you do not include any claims or defendants that the Court has dismissed.

CASE NO. 3:19CV 548 (VLB)

PLAINTIFF(S) [Write the name(s) of the person(s) complaining]

Robert Beemer

VS.

DEFENDANT(S) [Write the name(s) of all person(s) you are suing. If you do not know a name, write "John Doe" or "Jane Doe." Include the defendant's rank or title and place of employment if you know it.]

HSA L. Destefano   whethersfield ?

Dr. M. Farinella   CM HC   UCONN Health Center

Dr J. Wu   Clinical Dir.   CMHC & UCONN Health Center

Tim Bombard   Ms APRN   whethersfield

Jeff Stamp   Medical Supervisor   Cheshire CI

Dr. Ruiz   Facility Doctor   Cheshire

Rev. 10-5-15

Please complete every section and SIGN THE LAST PAGE

### A. JURISDICTION

Because federal courts cannot hear every kind of claim, you must identify the law that says this court can hear your claim. There are two possibilities. Check one.

I can bring my complaint in federal court because I am suing:

1. __X__ State, county or city employees for violating my federal rights under 42 U.S.C. Sec. 1983; OR

2. _____ Federal employees for violating my federal rights under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. Sec. 1331.

### B. PLAINTIFF(S) (THE PERSON(S) FILING THIS COMPLAINT)

If there are more than two plaintiffs, attach additional pages. Provide items a, b, and c for each additional plaintiff.

1. First Plaintiff X
   a. Full Name: Robert T. Beemer
   b. Inmate Number: 276477
   c. Correctional facility: ~~Cheshire~~ Osborn

2. Second Plaintiff
   a. Full Name:
   b. Inmate Number:
   c. Correctional facility:

### C. DEFENDANT(S) (THE PERSON(S) WHOSE ACTIONS YOU ARE COMPLAINING ABOUT)

Do not include any defendants who the Court has already dismissed from your case.

1. First Defendant
   a. Full Name: L. Desteffano
   b. Rank or Title: HSA
   c. Workplace: UCONN Med. Center

2. Second Defendant
   a. Full Name: M. Farinella : Dr.
   b. Rank or Title: CM/HC

Rev. 7-7-15       UCONN Med Center

2 of 8

c. Workplace:

3. Third Defendant

   a. Full Name: J. WU: Dr.
   b. Rank or Title: Clinical Dir CM/HC
   c. Workplace: UCONN Med Center

4. Fourth Defendant

   a. Full Name: Tim Bombard
   b. Rank or Title: Ms APRN
   c. Workplace: Whethersfield

5. Fifth Defendant

   a. Full Name: Jeff Stamp
   b. Rank or Title: Medical supervisor
   c. Workplace: Cheshire CI

6. Sixth Defendant

   a. Full Name: Ruiz: Dr.
   b. Rank or Title: Facility doctor
   c. Workplace: Cheshire CI

D. **PREVIOUS LAWSUITS**

Tell the Court if any plaintiff has filed other state or federal lawsuits involving these defendants or events. If you need more space, attach additional pages.

1. First Lawsuit

   a. Court and Date filed:
   b. Caption and Docket No.:
   c. Briefly, what was this lawsuit about?
   d. Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

Rev. 7-7-15

2. <u>Second Lawsuit</u>

   a. Court and Date filed:

   b. Caption and Docket No.:

   c. Briefly, what was this lawsuit about?

   d. Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

3. <u>Third Lawsuit</u>

   a. Court and Date filed:

   b. Caption and Docket No.:

   c. Briefly, what was this lawsuit about?

   d. Did you win or lose? If you lost, did you appeal? If you appealed, what did the appeals court say?

E.   **REASON FOR COMPLAINT**

WARNING: Contact Inmate Legal Aid Program. Common mistakes can get your case **dismissed as frivolous or for failure to state a good legal claim**. If this happens, you will still have to pay the filing fee, even if you are proceeding *in forma pauperis*. To avoid losing your filing fee, please read this information carefully and consult Inmate Legal Aid Program before you file.

1. **Failure to use the prison grievance process before suing.** If you have not followed all the steps in the grievance process before you come to court, the defendants may ask the Court to dismiss your claims for "failure to exhaust administrative remedies."

2. **Complaining about incidents that happened a long time ago:** If you are suing about events that happened more than three years ago, the defendants may ask the Court to dismiss your case under the "statute of limitations."

3. **Suing people who were not personally involved:** You can generally only sue defendants who were directly involved in harming you. In order to sue a supervisor, you must usually show that the supervisor knew about the actions of other defendants and failed to stop them.

4. **Suing defendants who have immunity to suit for money damages:** You generally cannot sue the following people and entities for money damages: the State of Connecticut; agencies of the state (like the Department of Correction); the United States government; the President of the United States (for actions taken while President); judges (for actions taken in connection with judicial duties); parole board officers (for actions taken in imposing parole conditions or revoking parole); prosecutors (for actions taken in performing duties integral to the criminal judicial process). If you think you have a claim for money damages against such people or entities, check with Inmate Legal Aid Program first. If you name defendants who are immune to suit from money damages and your suit is dismissed on that basis, you will lose your filing fee.

5. **Complaining about a criminal conviction or prison disciplinary proceeding that resulted in loss of good time credits or other change to your time in prison.** If winning your claims "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims under Section 1983 unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Please note that this is not a complete list of the problems you might encounter with your case. **The Court cannot give you legal advice and will not appoint a lawyer for you until it is clear that you have a good legal claim.** Until then, your best strategy is to call the Inmate Legal Aid Program before you file a complaint. **If Inmate Legal Aid Program says you do not have a good case, you should consider that advice very seriously.**

Now you need to explain how your **federal** rights were violated (remember that not every violation of state law or prison regulations amounts to a violation of federal law). What you need to tell the Court is **who did what, when they did it, and how you were harmed.**

You do not need to cite to the Constitution, any statutes, or any cases. However, it is important to **be specific about dates, times, and the names of the people involved.** It is helpful to put each important fact in a separate, numbered paragraph.

If you do not know the name of the person who harmed you, call that person Defendant Doe and provide some information from which it will be possible to identify the person - for example, gender, rank and shift. If there is more than one defendant whose name you do not know, call them Defendant Doe1, Defendant Doe2, and so on.

**Here is an example of the proper way to describe your claims:**

Example of Statement of Case

1. On April 1, 2007, I fell and injured my foot during a basketball game with other prisoners.
2. After the game, I asked Defendant CO Brian Smith to let me see the nurse. Defendant CO Brian Smith told me that I could not see the nurse because it was not an emergency.
3. During the afternoon, my foot became swollen and very painful.
4. At about 5 p.m., in the presence of my cellmate Bill Bloggs, I told Defendant Lieutenant Jane Doe, who was the shift supervisor, that I needed a doctor and showed him my swollen foot.
5. Defendant Lieutenant Jane Doe brought me two Tylenol and told me that I could not see the nurse until sick call the next morning.
6. The next day, I could not get out of bed because my foot was so swollen and painful. I had to go to hospital and have an operation to fix my foot.
7. I had to take pain medication for two months after the operation and have needed a walking stick for support since that time.

Now describe your claims.

Statement of Case

1. On about late June of 2016, I fell off the top bunk while at Mc Dougal CI in cell R-42. I had a bottom bunk pass, but because it was written on request form the C/O in the block didn't accept it.
2. When I was transferred to Northern CI on about July 2016, I wrote to medical regarding severe pain in left shoulder and immobility.
3. I was seen by Dr. Wright, and he put in authorization for me to see orthopedic, but it was denied by UCONN.
4. On October 17, 2017, I filed a grievance hoping it would do some good, but it didn't.
5. On December 27, 2016, I received reply back from Commissioner of Corrections Mr. Scott Semple, indicating he had contacted UCONN about my medical concerns.
6. On October 19, 2017 I received letter from UCONN indicating I was scheduled to see physician, but it was only to sign ~~the~~ UR form
7. Next letter received from UCONN was to tell me to take meds as directed.
8. Over the duration of nearly three years, I have not been treated for the shoulder injury. Just medicated. while at cheshire, I was told I was on doctors list, but wasn't seen in two years.
9. On November 2017, I wrote request to medical supervisor Jeff Stamp while at cheshire about shoulder and developing lump on left arm. When
10. I was threatened, because I wrote UCONN and commissioner.
11. "I was told to be careful who and what I wrote."

Rev. 10-5-15

6 of 8

## Continuation from page 6 of 8

(1) Since about March 2016 I have endured excruciating pain due to injury to my left shoulder, caused by a fall from a top bunk, while at McDougal CI, which at the time I had a bottom bunk pass, however c.o's in the block claimed it wasn't valid.

(2) When I was transferred to Northern CI in August 2016 I wrote medical to inform them about the injury, the severe pain & prolonged immobility of my arm, and was seen by Dr. Wright who said I needed to be seen by orthopedic at UCONN, but that request was denied.

(3) I filed grievance hoping that they would reconsider, but it did no good.

(4) I wrote the Commissioner of Corrections, Scott Semple asking for his intervention, but that as well was useless. UCONN replied saying I was to take medication as prescribed.

(5) Over the duration of two plus years, I've been taking medication: Neurontin & a form of Motrin for pain, but it hasn't fully helped relieve soreness, and or addressed the root cause; And perhaps may be causing unnecessary damage to my stomach and other vital organs due to extended use, without having any follow-up exam.

(6) Further I've gained considerable amount of weight as I'm unable to do most physical activities without possibly injuring my arm/shoulder further

(7) On top of it all, in the past six to seven months a lump I discovered in my left bicep, has enlarged

(1)

Continuation from page 6 of 8

when I wrote medical with concerns that I had a tumor growing, I was told not to worry about it.

(8) On about November 2017 after being threatened by the medical supervisor here, at Cheshire C.I., I wrote to the mental health psychologist to speak to her about my fears of anxiety, afraid of retaliation. I wasn't eating and I was having trouble sleeping.

When I met with her, she claimed I was taking the medical supervisor's words out of context, and she didn't seem to take my concerns seriously, so I ended up going back to my block, without resolve.

(9) Medical supervisor stated "that I was on the doctors list." That was back in November 2017. I have yet to be seen.

Signed: Robert Beemer

No further entries

If you need more space, attach additional pages, but be as brief as possible.

F. **REQUEST FOR RELIEF**

Tell the court what kind of relief you want. **Remember:** (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court-appointed attorney, if you had one. (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits. For any of these, you must pursue a Writ of Habeas Corpus.

$10,000 each defendant for Compensatory damage
$5,000 each defendant for punitive damage

G. Do you wish to have a jury trial? Yes ✓   No ____

H. **DECLARATION UNDER PENALTY OF PERJURY**

Warning: You must sign this or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signature: *Robert Bremer*

Signed at Osborn CI (Location) on 4-5-19 (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. The complaint cannot be filed without a signature from each plaintiff.

Rev. 10-5-15

7 of 8

I. **FINAL INSTRUCTIONS**

WARNING: Your complaint will not be filed unless you complete each of these steps:

1. Sign the Declaration under Penalty of Perjury on p. 8.
2. Answer all questions on the complaint form.

Remember, the Clerk cannot file your complaint unless you take all of the steps above.

Rev. 10-5-15



# Inmate Administrative Remedy Form
## Connecticut Department of Correction

CN 9602
REV 2/01/16

Facility/Unit: **Cheshire CI**   Date: **Oct-17-17**
Inmate name: **Robert Boomer**   Inmate number: **276477**

**SECTION 1** — SELECT ADMINISTRATIVE REMEDY A, B or C BELOW.

Follow the instructions *(for property claims, complete form CN 9609, Lost/Damaged Property Investigation Form and deposit in the 'Administrative Remedies' box).*

**A.** ☐ I am filing a Grievance.
Prior to filing a grievance, you must attempt informal resolution. Attach a copy of CN 9601, Inmate Request Form with the staff member's response OR state in Section 4 the reason why the form is not attached. Grievances must be filed within 30 days of the occurrence or discovery of the cause of the grievance. > Refer to Section 2 below

**B.** ☒ I am requesting a Health Services Review: ☒ Diagnosis/Treatment > Complete Section 4 >>>>
☐ All Other Health Care Issues >

**C.** ☐ I am filing an Appeal of a (select one below):
Appeals must be filed within 15 days of notification of a decision.
☐ Disciplinary Action > Complete Section 3 below
☐ Special Management Decision ☐ Classification Decision
☐ Media Review Committee Decision ☐ Furlough Decision >
☐ Security Risk Group Designation ☐ ADA Decision > Complete Section 4 >>>>
☐ Determination of Grievance Process Abuse ☐ Rejection of Outside Tapes/CDs >
☐ Rejection of Correspondence

**SECTION 2** — OTHER REQUIREMENTS FOR USING THE INMATE ADMINISTRATIVE REMEDY PROCEDURE

Read and comply with the instructions below, then complete Section 4 (State the Problem) on the reverse side. >>>

- Only one request for an administrative remedy must be submitted on this form.
- The request for an administrative remedy and the action sought should be stated simply and coherently.
- The length of this request for an administrative remedy shall be restricted to the space available in Section 4 and one (1) additional 8 1/2 x 11 inch page.
- This request for an administrative remedy must be free of obscene or vulgar language or content.
- This request for an administrative remedy must be filed by the inmate who is personally affected by the subject of the request and shall not be filed by an inmate on behalf of another.
- A repetitive request for administrative remedy may not be filed by the same inmate when a final response has been provided and there has been no change in any circumstances that would affect the response; or when the initial request for an administrative remedy is still in process.

**SECTION 3** — DISCIPLINARY SECTION – Complete this Section for a Disciplinary Appeal ONLY

You may file a Disciplinary Appeal **ONLY** if you have pleaded not guilty and have been found guilty at a disciplinary hearing. If so, complete this section; then complete Section 4 (State the Problem) on the reverse side. >>>

| Offense: | Report date: |
|---|---|
| Facility where hearing was conducted: | Date of hearing: |

Did you have an advocate? ☐ yes ☐ no    If yes, name of advocate:

Did you identify witness(es) to the investigator? ☐ yes ☐ no    Did your witness(es) testify? ☐ yes ☐ no

Name(s) of any witness(es):

*Continued on back*
*Over →*

**CONFIDENTIAL**
(FOR OFFICIAL USE ONLY)

Inmate name: Robert Beemer
Inmate number: 276477
Housing: NB-348

**SECTION 4** — STATE THE PROBLEM AND REQUESTED RESOLUTION

Provide any factual information that is applicable, including any responses from staff. State the action that you think should be taken to resolve the problem. PLEASE PRINT.

On about June 9, 2017, I wrote medical regarding a painful developing lump on left bicep. When I was called to be seen, I was told by nurse that it was nothing to worry about, but I would be put on doctor's list to be sure. To date I have yet to be seen. In the 4½ months that have elapsed, I have noticed the lump has enlarged & become more painful, so I wrote to medical again. On Oct. 13-2017 I was seen by nurse, though she couldn't find in my medical record the past complaint, but said she would put me on Dr's list and said it would be a couple of months (cont...)

Inmate signature: Robert Beemer
Date: 10-17-17

For all remedies except health services, deposit this form in the **Administrative Remedies box**.
For a health services issue, deposit this form in the **Health Services box**.

**SECTION 5** — DECISION / OFFICIAL USE ONLY – DO NOT WRITE IN THE SPACE BELOW

Date Received: 12/15/17
IGP #: 1598L
T#:

Disposition: Returned w/out disposition
Date of Disposition:

Reason: You were assessed by MD on 11/17/17 and diagnosed.

☐ You have exhausted DOC's Administrative Remedies.   ☐ This matter may be appealed to:

Signature: Jane Ventrella, LPN/RN
Date: 12/15/17

Grievance Continuation

Robert Boomer   276477

I disagreed with nurse about being made to pay for the appointment since I felt it was a follow-up to the previous matter, and that I shouldn't be charged due to the previous nurse's negligence, however I signed the form under duress that I would be taken to seg for refusing

I have not received CN-9601 (request form back from medical, so it is not attached

Signed Robert Boomer

Robert Beemer #276477
Osborn C.I
335 Bilton Rd
Somers, CT 06071

Office of the Clerk
United States District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

Legal Correspondence