UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT BEEMER,<br>    *Plaintiff*, | : <br> : <br> : | |
| v. | : <br> : | No. 3:19-CV-548 (VLB) |
| L. DESTEFANO, et al.<br>    *Defendants.* | : <br> : | July 10, 2019 |

**INITIAL REVIEW ORDER**

On April 12, 2019, Robert Beemer ("Plaintiff"), an inmate currently confined at the Osborn Correctional Institution in Somers, Connecticut, filed a complaint *pro se* pursuant to 42 U.S.C. § 1983, against six Department of Correction ("DOC") officials for damages. Compl. Dkt. No. 1 at 1-3, 9. The six defendants are Health Services Administrator L. Destefano, Dr. Monica Farinella, Dr. Jonny Wu, APRN Tim Bombard, Supervisor Jeff Stamp, and Dr. Ricardo Ruiz. *Id.* at 2-3. On May 20, 2019 the case was dismissed for Plaintiff's failure to pay the filing fee or an inmate ledger sheet. Dkt. No. 7. The Clerk is directed to close this case. On July 10, 2019, Magistrate Judge William I. Garfinkel granted Plaintiff's motion to proceed *in forma pauperis*. Dkt. No. 10. For the following reasons, the complaint is dismissed without prejudice subject to amendment.

I. **Standard of Review**

Pursuant to 28 U.S.C. § 1915A, this Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or

malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

II.   **Factual Allegations**

Sometime in early to mid-2016,[1] Plaintiff fell off his top bunk while he was confined at the MacDougall-Walker Correctional Institution ("MWCI") in Suffield. Compl. at 6, 7. At the time, Plaintiff had been issued a bottom bunk pass, but the correction officers at MWCI informed him that the pass was not valid because it was written on an Inmate Request form. *Id.* The fall caused Plaintiff "excruciating pain" in his left shoulder. *Id.* at 7.

---

[1] Plaintiff initially alleges that the injury occurred in late June 2016. Compl. at 6. Later, he alleges that the injury occurred in March 2016. *Id.* at 7.

2

In July or August of 2016, Plaintiff was transferred from MWCI to Northern Correctional Institution ("Northern") in Somers.  Compl. 6, 7.  When he arrived at Northern, he informed the medical unit in writing about his injury at MWCI and the resulting pain and immobility in his arm.  *Id.* at 7.  Thereafter, he was evaluated by Dr. Wright, who recommended that he be seen by an orthopedist.  *Id.*  Dr. Wright submitted a request for an orthopedic evaluation at the UConn Health Center, but the request was denied.  *Id.* at 6, 7.  Plaintiff filed a grievance hoping that officials would reconsider their denial for an orthopedic visit but was unsuccessful.  *Id.*

Plaintiff later wrote a letter to then Commissioner of Correction Scott Semple regarding his situation.  Compl. 7.  Semple responded in December 2016 stating that he had contacted the UConn Health Center about Plaintiff's medical concerns.  *Id.* at 6.

On October 19, 2017, Plaintiff received a letter from the UConn Health Center indicating that he had been scheduled to see a physician, but the purpose of the visit was "only to sign [a] UR form."  Compl. 6.  He later received another letter from the UConn Health Center directing him to take his prescription medications, which included Neurontin and a form of Motrin for pain.  *Id.* at 6, 7.  Plaintiff has been taking the medication for more than two years, but it has not fully relieved his soreness or the root of his injury.  *Id.* at 7.  The medication "may [also] be causing unnecessary damage to [his] stomach and other vital organs."  *Id.*

3

In November 2017, while he was confined at Cheshire Correctional Institution, Plaintiff wrote a request to Supervisor Stamp about his shoulder and what he perceived to be a lump in his arm.  Compl. 6.  Stamp "threatened" Plaintiff, telling him "to be careful who[m] and what [he] wrote."  *Id.*  Plaintiff also wrote a request to the medical unit about his arm but was told not to worry about it.  *Id.* at 8.

Plaintiff later contacted the mental health psychologist at Cheshire regarding his interaction with Stamp.  Compl. 8.  He expressed his feelings of anxiety and fear of retaliation and informed her that he was having difficulty eating and sleeping.  *Id.*  The psychologist told Plaintiff that he was taking Stamp's words out of context, and Plaintiff returned to his housing unit "without resolve."  *Id.*  Plaintiff has yet to be seen by the medical unit for his shoulder and arm injury.  *Id.*

III.   <u>Analysis</u>

Plaintiff does not clearly state his claim(s) for relief in this case.  Based on the Court's review of the allegations, it appears Plaintiff is attempting to state a claim of deliberate indifference to serious medical needs, in violation of his Eighth Amendment protection against cruel and unusual punishment.  However, as shown below, the facts alleged do not state a plausible Eighth Amendment claim.

To state a claim against the defendants for deliberate indifference to his serious medical needs under the Eighth Amendment, Plaintiff must satisfy an objective and subjective component.  *See Hathaway v. Coughlin*,

4

37 F.3d 63, 66 (2d Cir. 1994).  Objectively, he must show a "sufficiently serious" deprivation; *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); meaning a condition "that may produce death, degeneration, or extreme pain."  See *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted).  However, "[w]hen the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* alone in analyzing whether the alleged deprivation is, in objective terms, sufficiently serious, to support an Eighth Amendment claim."  *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (emphasis in original; internal quotations omitted).  Subjectively, the defendants must have been actually aware of a substantial risk that Plaintiff would suffer serious harm as a result of their actions or inactions.  *See Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006).

      Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under § 1983.  *See Salahuddin*, 467 F.3d at 280; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner").  Moreover, a difference of opinion regarding what constitutes an appropriate response and/or treatment to the prisoner's medical conditions does not establish an Eighth Amendment claim.  *See Ventura v. Sinha*, 379 F. App'x 1, 2–3 (2d Cir. 2010);

*Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).  The act complained of must "shock[] the conscience" by constituting a "complete denial of, or intentional effort to delay access to, medical care, or a reckless or callous indifference" to the plaintiff's well-being.  *McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (quoting *United States ex rel. Hyde v. McGinnis*, 429 F.2d 864 (2d Cir. 1970)).

Construed liberally, the allegations here show that Plaintiff suffered a severe injury to his shoulder and arm and that he has not been able to receive adequate medical care in the three years since the accident.  Thus, Plaintiff has satisfied the objective component of the Eighth Amendment deliberate indifference standard.

Plaintiff has not, however, satisfied the subjective component of the standard because he has not alleged how, if at all, any of the listed defendants were involved in his inability to receive adequate medical care in the years since the accident.  In fact, the only defendant Plaintiff mentions in his Statement of Facts is Supervisor Stamp, who told Plaintiff to "be careful [to] who[m] and what [he] wrote."  Even if the Court construes this statement as threatening, the statement alone does not show that Stamp acted with deliberate indifference to Plaintiff's medical needs.  *See Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) ("allegations of verbal harassment are insufficient to base a § 1983 claim if no specific injury is alleged"); *Burroughs v. Petrone*, 138 F. Supp. 3d 182, 204 (N.D.N.Y. 2015) (prisoner's allegations of threats and harassment fail to

state Eighth Amendment claim). It is not even clear from the complaint whether this statement was in direct response to Plaintiff's written request for treatment.

"It is well settled . . . that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks omitted) *see also Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir. 1973) (doctrine of *respondeat superior* does not suffice for claim of monetary damages under § 1983). A plaintiff who sues a supervisory official for monetary damages must allege that the official was "personally involved" in the constitutional deprivation in one of five ways: (1) the official directly participated in the deprivation; (2) the official learned about the deprivation through a report or appeal and failed to remedy the wrong; (3) the official created or perpetuated a policy or custom under which unconstitutional practices occurred; (4) the official was grossly negligent in managing subordinates who caused the unlawful condition or event; or (5) the official failed to take action in response to information regarding the unconstitutional conduct. *Wright*, 21 F.3d at 501; *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003). Because Plaintiff has not alleged any facts showing how any of the other listed defendants were personally involved in depriving him of medical care, his Eighth Amendment claim against them is factually insufficient.

## ORDERS

The complaint is dismissed without prejudice for failure to state a plausible claim under § 1915A.  If Plaintiff believes he can allege facts curing the deficiencies described above, he may file an amended complaint within thirty-five (35) days from the date of this Order.  Failure to file an amended complaint within the allotted time will result in the dismissal of his claims with prejudice.

SO ORDERED this 15th day of July, 2019 at Hartford, Connecticut.

*Vanessa Lynne Bryant*  Vanessa Bryant
2019.07.15 10:59:34 -04'00'
**VANESSA L. BRYANT**
**UNITED STATES DISTRICT JUDGE**